TORRINGTON CO., PLAINTIFF AND DEFENDANT-INTERVENOR *v.* UNITED STATES, DEFENDANT, AND SKF USA INC. AND SKF SVERIGE AB, DEFENDANT-INTERVENORS AND PLAINTIFFS

Consolidated Court No. 95–03–00345

---

[1] *Cf. Wang Laboratories. Inc. v. United States*, 16 CIT 468, 471–72, 793 F.Supp. 1086, 1089–90 (1992).

(Dated September 19, 1997)

*Stewart and Stewart (Terence P. Stewart, Wesley K. Caine, William A. Fennell, Geert De Prest* and *Lane Hurewitz)* for The Torrington Company.

*Howrey & Simon (Herbert C. Shelley, Alice A. Kipel* and *Anne Talbot)* for SKF USA Inc. and SKF Sverige AB.

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Lucius B. Lau);* of counsel: *Mark A. Barnett,* Attorney-Advisor, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

## OPINION

TSOUCALAS, *Senior Judge:* On March 7, 1997, this Court, in *Torrington Co. v. United States,* 21 CIT 251, 960 F. Supp. 339 (1997), remanded to the Department of Commerce, International Trade Administration ("Commerce"), several issues arising from the final results of the administrative review, entitled *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, et al. ("Final Results"),* 60 Fed. Reg. 10,900 (1995), as amended, 60 Fed. Reg. 16,608 (1995).

On May 6, 1997, Commerce released the draft remand results and invited interested parties to comment. After receiving comments, Commerce filed its *Final Results of Redetermination Pursuant to Court Remand, The Torrington Company v. United States, Slip Op. 97–29 (March 7, 1997) ("Remand Results")* (June 5, 1997).

The Torrington Company ("Torrington") challenges Commerce's explanation of its application of the reimbursement regulation in exporter's sales price ("ESP") situations contained in the Remand Results and moves for an order directing Commerce to issue a second redetermination and either apply the reimbursement regulation on the basis of evidence already submitted or collect the necessary additional evidence. Torrington further claims Commerce committed two clerical errors in the Remand Results. SKF USA Inc. and SKF Sverige AB ("SKF") also challenge the Remand Results, claiming that, in implementing the results of the company-specific arm's-length test, Commerce included certain clerical errors in the computer program, preventing the results of that test from being completely incorporated in the margin program.

### 1. *Reimbursement Regulation:*

In *Torrington,* 21 CIT at 254, 960 F. Supp. at 342, this Court remanded to Commerce to explain the circumstances in which it will apply the reimbursement regulation in an ESP situation. On remand, Commerce explained that it will apply the reimbursement regulation "if record evidence demonstrates that the exporter directly pays antidumping duties for the importer or reimburses the importer for such duties in ESP situ-

ations." *Remand Results* at 9. Torrington insists that Commerce has changed its position and, therefore, should be required to reopen the administrative record and investigate the possibility of reimbursement. *The Torrington Company's Comments on Commerce's Redetermination Pursuant to Court Remand* at 1–5.

This Court recently upheld Commerce's explanation and refused to reopen the administrative record, stating, "Commerce has not changed its approach to the reimbursement regulation in a manner requiring a reopening of the administrative record." *See FAG Italia S.p.A. v. United States*, 21 CIT 880, 881, Slip Op. 97–107, at 4 (July 29, 1997) (citing *Torrington Co. v. United States*, 21 CIT 876, 878, Slip Op. 97–106, at 5 (July 28, 1997)). As the issue in this case is identical to that in *FAG* and *Torrington*, the Court refuses to reconsider its position and sustains Commerce's Remand Results explanation of the circumstances in which it will apply the reimbursement regulation in an ESP situation.

## 2. *Clerical Errors:*

SKF argues that, in implementing the results of the company-specific arm's-length test, Commerce included certain clerical errors in the program, preventing the results of that test from being completely incorporated in the margin program. *Comments of SKF Regarding Redetermination Pursuant to Court Remand* at 1–7. Commerce consents to a remand for the correction of these errors, with one exception. *Defendant's Rebuttal Comments to SKF's and Torrington's Comments Regarding the Final Results of Redetermination Pursuant to Court Remand* at 2–3. According to Commerce, page 6 of SKF's proposed modifications contains a typographical error on line 340 of the margin calculation program. *Id.* In its rebuttal, SKF agrees its proposed modifications contain the typographical error noted by Commerce. *SKF's Rebuttal Comments Regarding Commerce's Redetermination Pursuant to Court Remand ("SKF's Rebuttal")* at 7 n.6.

Upon inspection of the record, the Court agrees that Commerce's computer program used in the Remand Results contained clerical errors and should be corrected in the manner proposed by SKF, with the exception of the typographical error noted by Commerce. Consequently, this issue is remanded to Commerce to correct the clerical errors pointed out by SKF, with the exception of the typographical error noted by Commerce.

In *The Torrington Company's Rebuttal Comments Re Commerce's Redetermination Pursuant to Court Remand* at 2–3, Torrington argues that it has identified two additional clerical errors in the computer program's application of the arm's-length test that it did not raise in its original comments and asks the Court to exercise its discretion by instructing Commerce to correct these additional errors. In particular, Torrington contends the computer program incorrectly indicates that the arm's-length test was negative only for cylindrical roller bearings,

rather than for both ball bearings and cylindrical roller bearings, for two customer codes. *Id.* at 3.

SKF claims that Torrington's comments regarding these additional clerical errors are superfluous, as they are already coded in the manner suggested by Torrington in SKF's computer file submitted to Commerce. *SKF's Rebuttal* at 7 n.6.

Under 81(l) of the Rules of this Court, "[a] reply brief shall be confined to rebutting matters contained in the brief of the respondent[s]," in this case, SKF and Commerce. Nevertheless, the Court may exercise its discretion to prevent knowingly affirming a determination with errors. *See Toyota Motor Sales, U.S.A., Inc. v. United States*, 20 CIT 721, 725, 930 F. Supp. 636, 639 (1996) (citing *Serampore Indus. Pvt. Ltd. v. United States Dep't of Commerce*, 12 CIT 825, 834, 696 F. Supp. 665, 673 (1988) (exercising the Court's discretion to remand to determine whether a computer error had occurred because the action was already being remanded and because "[t]he Court is loathe to affirm a determination that might be based on a questionable record")).

Upon careful review of the record, the Court agrees with Torrington that two additional clerical errors exist with respect to the computer program's application of the arm's-length test that are not superfluous. While the computer program codes these customer codes as related parties, it indicates that the arm's-length test was negative only for cylindrical roller bearings, and not for ball bearings. Consequently, this issue is remanded for Commerce to correct the two clerical errors identified by Torrington in its rebuttal brief.

### CONCLUSION

This case is remanded to Commerce to correct the clerical errors identified in the computer program by SKF and Torrington in accordance with the Court's instructions. Following compliance with these instructions, the Remand Results filed by Commerce on June 5, 1997 are sustained.